# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-1428NI

———————

| | | |
|---|---|---|
| Faith Bible Christian Outreach Center, Inc., | * | |
| | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | On Appeal from the United |
| | * | States District Court |
| | * | for the Northern District |
| John Warner, IV, Trustee of the | * | of Iowa. |
| C.H. Moore Trust Estate; Elizabeth | * | |
| H. O'Herin, Trustee of the C.H. Moore | * | |
| Trust Estate; Ralph L. Forrest; and | * | |
| Wendell M. Petty, | * | |
| | * | |
| Appellees. | * | |

———————

Submitted: December 16, 1999

Filed: February 4, 2000

———————

Before RICHARD S. ARNOLD and LOKEN, Circuit Judges, and WEBB,[1] District
    Judge.

———————

RICHARD S. ARNOLD, Circuit Judge.

------

[1]The Hon. Rodney S. Webb, Chief Judge, United States District Court for the
District of North Dakota, sitting by designation.

This case arises out of a lease between the trustees of the C.H. Moore Trust Estate, as lessors, and the plaintiff, Faith Bible Christian Outreach Center, as lessee. The subject of the lease is a 2.29 acre tract of land in Storm Lake, Iowa. The plaintiff, which we shall refer to as the Center, claims that the defendant trustees violated a fiduciary duty when they sold the land to someone else. We hold that no fiduciary duty existed, and therefore affirm the summary judgment entered in favor of defendants.

The opinion of the District Court[2] copiously sets out the facts and the law, and we do not have much to add. A brief statement of the relevant facts and a discussion of the main contention urged by plaintiff on the appeal will suffice.

The C.H. Moore Trust Estate was created by the will of C.H. Moore, who died in 1901. The Trust owned a number of parcels of real property in Storm Lake, including the tract that is the subject of this case. In 1971, the Trust leased this property to Doris Robinson. The lease was to last for twenty-five years, until 1996. It provided that any building erected on the property by the lessee would become the property of the lessor at the end of the leased term, unless the lessee, at that time, removed the building. Doris Robinson, the original lessee, built a building originally known as Harbor House Restaurant on the property.

Ms. Robinson later sold the building to one Don Bertell, subject of course to the terms of the lease, and Mr. Bertell, in turn, sold the building to the plaintiff in this case. This sale took place in 1985. A new lease between the Center and the Trustees was then executed. This lease, like the original one, contained a clause indicating that at the end of the leased term, buildings had to be removed, failing which they would become the property of the owner of the land at that time. The Center of course knew what was

---

[2]The Hon. Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

-2-

in the lease when it bought the property from Mr. Bertell, and it knew what was in the lease that it executed anew with the Trustees.

In 1992 the Trustees sold the land for $55,000 to Wendell Petty, also a defendant in this case. Before doing so, they offered the land, at the same price, to three potential buyers, one of whom was the Center. Mr. Petty accepted the offer almost at once. About two months later, the Center attempted to accept the offer, and then tried to buy the land for $60,000, but the Trustees felt themselves bound by the agreement previously made with Mr. Petty. After securing court approval in Illinois, the domicile of the Trust, the Trustees completed the sale to Mr. Petty.

The Center then brought this case against the Trustees and others. The plaintiff claims that the Trustees owed it a fiduciary duty. The claim is based upon the Center's expectation (really only a hope) that it would be allowed to buy the land, the fact that it was not practical to remove the building from the land, a fact said to be known to all involved, and the Trustees' knowledge that the Center would be harmed if it had to lose the building when the lease expired. We agree with the District Court that all of these facts, even when considered in the light most favorable to the plaintiff, do not create a fiduciary duty. The basic relationship here is between landlord and tenant. The lease, both originally and in its present incarnation, was an arms' length transaction. The provision having to do with the building erected, or to be erected, on the land was freely agreed to, and is, in any event, a common sort of clause. Presumably the presence of this clause in the lease affected both the amount of money the Center paid for the building when it bought it, and the amount of money agreed upon as rent to be paid by the Center to the Trustees for the underlying land.

The main argument presented by the Center on appeal has to do with a provision in Mr. Moore's will, the instrument that created the Trust. The will provided as follows:

And my desire is that they will be kind and fair with all their tenants, not using their power to injure tenants, only when it is necessary to get rid of a bad one and keep the farms up and improvements in good order.

The Center argues that this language created a fiduciary duty in the Trustees in favor of all lessees, including the Center, and that the Trustees' conduct in selling the land to someone other than the Center violated this duty because it was not "kind and fair." We disagree. In our view, the quoted provision creates no legal duties in favor of anyone. It simply states the desire of the testator. The provision is, as the phrase goes, merely precatory. The Trustees' overriding fiduciary duty is to the beneficiaries of the Trust, not to other persons with whom the Trust does business. We observe, in addition, that the conduct of the Trustees towards the Center seems to have been in no way unfair. Whether or not it was unkind is a question we need not reach, and one with which courts are not familiar.

The judgment of the District Court, dismissing the complaint with prejudice, is

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.